UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Crystal L. COX, et al., | |
| Plaintiffs, | Civ. No. 13-3136 |
| v. | OPINION |
| Peter L. MICHAELSON, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter has come before the Court on the application of *pro se* Plaintiff Crystal L. Cox ("Plaintiff") to proceed *in forma pauperis*. (Doc. No. 1, Atts. 2 & 3). The Court has reviewed the affidavit of indigence and the Complaint. (Doc. No. 1). Although the Court will grant Plaintiff's application to proceed *in forma pauperis*, the Court must dismiss Plaintiff's Complaint without prejudice for failure to comply with the applicable pleading standards.

DISCUSSION

In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *See id.*

1. **Application to proceed *in forma pauperis***

The filing fee for a civil case in the United States District of New Jersey is $350.00, with an additional $50 Administrative Fee per the Miscellaneous Fee Schedule. To avoid paying the fee, a plaintiff may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915.  "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).  A litigant need not be "absolutely destitute" to qualify.  *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) *cert. denied*, 133 S. Ct. 139 (U.S. 2012) (internal quotations omitted).

In her application, Plaintiff states that she has a gross monthly income of $2000, that she has a $2.5 million dollar judgment against her, and that she has other debts amounting to more than $300,000.  Her monthly expenses appear to exceed her monthly income by an amount of at least $850.  Upon review, the Court believes that Plaintiff has pled her circumstances with sufficient particularity and has shown sufficient economic disadvantage so as to persuade the Court to permit her to proceed *in forma pauperis*.

2. **Dismissal under 28 U.S.C. § 1915(e)**

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court must screen the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e).  Under § 1915(a), the Court shall *sua sponte* dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In reaching this determination, the Court reviews the Complaint under the familiar pleading standards as reiterated and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Court v. Twombly*, 550 U.S. 544 (2007).  Under these tenants, "[d]ismissal is appropriate where, accepting all well-pleaded allegations . . . as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth 'fair notice of what the

. . . claim is and the grounds upon which it rests.'" *Simon*, 2011 WL 551196 at *1 (quoting *Twombly*, 550 U.S. at 555). Any asserted claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Finally, as Plaintiff is proceeding *pro se*, the Court must be mindful to construe the complaint liberally in her favor. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

Upon review of the Complaint, the Court finds that it must be dismissed for failure to comply with the requisite pleading standards. At 153 pages, Plaintiff's Complaint is sprawling and incomprehensible. In what can only be characterized as a barrage of allegations and accusations, the Court cannot discern to which parties the individual claims are directed and on what basis the claims are brought. Such prolific and scattered pleading both fails to set forth fair notice of Plaintiff's claims and gives the impression of frivolity and maliciousness, factors weighing in favor of dismissal. However, in deference to Plaintiff's *pro se* status and to the possibility that a more concise statement may reveal legitimate grounds for relief, the Court will dismiss the Complaint without prejudice and grant Plaintiff permission to re-file.

CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis*, (Doc. No. 1, Atts. 2 & 3), but will *sua sponte* dismiss the Complaint without prejudice, (Doc. No. 1). An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: September 26, 2013